United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40813
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MANUEL VILLARREAL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-520-1
--------------------

Before HIGGINBOTHAM, DAVIS, AND PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Manuel Villarreal (Villarreal) appeals his convictions for one count of conspiracy to possess with the intent to distribute more than 500 grams of cocaine and one count of aiding and abetting the possession with the intent to distribute more than 500 grams of cocaine. Villarreal contends that there was insufficient evidence presented at trial to prove beyond a reasonable doubt that he intentionally possessed, or that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conspired with co-defendants Ramon Perez-Martinez (Perez) and Rosa Idalia Trevino (Trevino) to possess with the intent to distribute, more than 500 grams of cocaine. Villarreal argues that the Government's case was primarily based on the unreliable testimony of Perez and Trevino. He contends that the co-defendants' testimony was inconsistent and failed to prove the essential elements of the offenses beyond a reasonable doubt.

Because Villarreal moved for a judgment of acquittal in the district court, we review the sufficiency of the evidence to determine whether, considering all the evidence in the light most favorable to the verdict, a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt. United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000). In cases involving a conspiracy, the "conviction may be based upon the uncorroborated testimony of a co-conspirator, even when that testimony is from one who has made a plea bargain with the government, provided that the testimony is not incredible or otherwise insubstantial on its face." United States v. Gadison, 8 F.3d 186, 190 (5th Cir. 1993). A witness' testimony may be inconsistent, but sufficient, nonetheless. United States v. Greenwood, 974 F.2d 1449, 1458 (5th Cir. 1992).

Considering all the evidence in the light most favorable to the verdict, there was sufficient evidence presented at trial to prove that Villarreal intentionally possessed, and that he conspired with Perez and Trevino to possess with the intent to

distribute, more than 500 grams of cocaine.  The Government introduced telephone records showing a pattern of telephone activity corroborating the testimony of Trevino.  Perez and Trevino's testimony was also corroborated by other witnesses at trial, including the surveillance officers and the confidential informant.  Accordingly, Villarreal's convictions are AFFIRMED.